### In re THOMPSON et al.

### Patent Appeal No. 4828.

Court of Customs and Patent Appeals.
April 27, 1944.

358

Owen & Owen, of Toledo, Ohio (Scott H. Lilly, of Toledo, Ohio, of counsel), for appellants.

W. W. Cochran, of Washington, D. C. (E. L. Reynolds, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

JACKSON, Associate Judge.

Appellants filed an application for a patent for "new and useful improvements in a Corrosion-Resistant Metallic Article and Method of Making the Same."

The Primary Examiner rejected claims 1 to 9, inclusive, and 11 to 15, inclusive, all of the claims in the case. Some of the claims he rejected in view of prior art, which it is not necessary to set out in view of the issue here. Other claims he rejected as being indefinite and "broader than the disclosure warrants with respect to the metal which is treated." In this connection the examiner stated only that "The substances recited in lines 5 and 6 of claim 2 and lines 4 and 5 of claim 4 cannot be grouped together without doing violence to the generally accepted principles of chemical and scientific classification. Ex parte Dahlen, 1934 C.D. 9 [21 U.S.P.Q. 397], and Ex parte Burke, 441 O.G. 509 [21 U.S. P.Q. 399]."

The Board of Appeals affirmed the examiner as to claims 2 and 4, but reversed him as to the remainder of the claims. In affirming the decision of the examiner as aforesaid the board merely stated " * * . * We sustain the examiner only to the extent that claim 2, as an example, refers to the metals of a group which group is obviously not drawn in accord with the Markush doctrine. Appellants' statement that the metals are in a group because they have four characteristics in common, that is, that they are metals and each has a valence of at least two and each forms a phosphate or a chromate or dichromate, is no satisfactory reason, in our opinion, for collecting them as a Markush group. It is quite obvious

that these metals are not grouped in any recognized classification."

From that decision involving claims 2 and 4 this appeal was taken. Those claims read as follows:

"2. A process which comprises applying to an industrial metallic surface a film of an acidulous aqueous solution the chief compounds in the solution as applied containing the $PO_4$ radical, hexavalent chromium and a metal of the group consisting of zinc, manganese, trivalent chromium, aluminum, magnesium, cadmium, calcium and nickel, said film containing sufficient *checmicals* to form a corrosion-resistant paint-holding coat when dried, and drying the film on the metallic surface.

"4. A process which comprises applying to an industrial metallic surface a solution containing as its chief ingredients when applied phosphoric acid, chromic acid and a salt of a metal of the group consisting of zinc, manganese, trivalent chromium, aluminum, magnesium, cadmium, calcium and nickel, said film containing sufficient chemicals to form a corrosion-resistant paint-holding coat when dried, and drying the film on the metallic surface."

The sole question here is whether or not it is proper to include in claims of the Markush type the following group of metals and the salts thereof: zinc, manganese, trivalent chromium, aluminum, magnesium, cadmium, calcium and nickel.

From the statement of the board hereinbefore quoted, the board apparently was of opinion that the metals involved in appealed claims 2 and 4 have four characteristics in common, and even if that were so the metals nevertheless were not grouped in any recognized classification.

We do not understand from the decisions below the statement that "It is quite obvious that these metals are not grouped in any recognized classification." Neither the Primary Examiner nor the Board of Appeals gave any other reason or cited any technical authorities in support of their holdings that the appealed claims, 2 and 4, were not of the proper Markush type. Why the experts in the Patent Office, in rejecting claims such as those here involved, should not explain their views, and cite authorities in support of their holdings, is difficult for us to understand. So far as we have been able to ascertain there has never been any explanation by the Patent

Office tribunals how it is determined that substances in a Markush type claim possess or do not possess "a community of chemical or physical characteristics definitely recognized in scientific classification," as held in the case of Ex parte Burke, 1934 C.D. 5, 21 U.S.P.Q. 399. It would be to the benefit of all concerned with the patent system to get a more explicit definition of proper groupings under the Markush doctrine from the experts of the Patent Office than can now be found.

In view of the failure of either of the tribunals below to state such reasons the court is unable to give proper consideration to the technical questions presented and the failure of the tribunals below to state the reasons for their decisions is in our opinion contrary to section 4913, R.S., 35 U.S. C.A. § 61. That section states in part as follows:

"* * * The party appealing shall lay before the court certified copies of all the original papers and evidence in the case, and the commissioner shall furnish the court with the grounds of his decision, fully set forth in writing, touching all the points involved by the reasons of appeal."

We are not aided by other previous decisions of the Patent Office with respect to proper Markush groupings of metals, for the reason that they appear to accept as proper the grouping of metals from various groups of the periodic system. In the case of Ex parte Larson, 15 U.S.P.Q. 68, the group includes metals from the second, sixth and seventh periodic groups; the case of Ex parte Schwarzkopf, 35 U.S.P.Q. 292, includes a group of metals taken from the first, second, third, fourth and eighth periodic groups; and the case of Ex parte Kharasch, 39 U.S.P.Q. 123, includes an approved group of metals from the first, second and third periodic groups. The metals involved in the appealed claims 2 and 4 are from the second, third, sixth, seventh and eighth periodic groups.

The allowed claims, of course, are not before the court and have been given no consideration. Our remand is for the sole purpose of having the tribunals of the Patent Office plainly decide why claims 2 and 4 are not proper Markush type claims.

For the reasons stated, the decision of the Board of Appeals is reversed with respect to claims 2 and 4, and the case is remanded for further proceedings consistent with what has been said herein.

Reversed and remanded.